# Exhibit "A"

*Plaintiff's Complaint*

Electronically Filed
1/12/2021 6:12 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
MICHAEL C. KANE. ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JANET L. MERRILL, ESQ.
Nevada Bar No. 10736
**THE702FIRM INJURY ATTORNEYS**
400 S. 7th Street, Suite 400
Las Vegas, Nevada 89101
Telephone:     (702) 776-3333
Facsimile:      (702) 505-9787
E-Mail:          service@the702firm.com
                    janet@the702firm.com
*Attorneys for Plaintiff*

CASE NO: A-21-827746-C
Department 22

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| CYNTHIA MOREAU,<br><br>        Plaintiff,<br>vs.<br><br>SAM'S WEST INC, dba SAM'S CLUB Store #8177; ARILEX TROPICANA ASSOCIATES, LLC; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>        Defendants. | Case No. :<br>Dept. No.:<br><br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff CYNTHIA MOREAU, by and through her attorneys of record, MICHAEL C. KANE, ESQ., BRADLEY J. MYERS, ESQ., and JANET L. MERRILL, ESQ., of THE702FIRM INJURY ATTORNEYS, and for her Complaint against the Defendants, and each of them, states, asserts and alleges as follows:

### JURISDICTIONAL STATEMENT

The Eighth Judicial District Court has jurisdiction of this civil tort action in accordance with NRCP8 (a)(4), NRS 13.040 and NRS 41.130 as the incident and location occurrence giving rise to this matter occurred in Clark County, Nevada and the amount in controversy exceeds

THE702FIRM
ATTORNEYS AT LAW
400 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

1

Case Number: A-21-827746-C

$15,000.

## GENERAL ALLEGATIONS

1.  Plaintiff CYNTHIA MOREAU ("MOREAU") is and was, at all times relevant to these proceedings, a resident of the State of Nevada.

2.  Upon information and belief, Defendant SAM'S WEST INC ("SAM'S CLUB"), is and was a Foreign Corporation, duly authorized to and conducting business as SAM'S CLUB Store #8177, located at 5101 South Pecos Road, Las Vegas, Clark County, Nevada, 89120.

3.  Upon information and belief, Defendant ARILEX TROPICANA ASSOCIATES, LLC ("ARILEX"), is and was a Domestic Limited Liability Company, duly authorized to and conducting business at 5101 S. Pecos Road, Las Vegas, Clark County, Nevada.

4.  Upon information and belief, DOES Defendants are residents of the State of Nevada and were working in the course and scope of their employment at all times herein.

5.  That the true names and capacities of Defendants named herein as DOES I through X, and ROE CORPORATIONS I through X, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said Defendants so designated herein by fictitious names.

6.  Plaintiff is informed and believes and therefore alleges that Defendant DOES I through X and ROE CORPORATIONS I through X are owners, agents, employees, general contractors, sub-contractors, and/or assigns of Defendants, who; while within the course and scope of their assigned duty or task with said Defendants, were wholly or partially responsible for the negligence alleged herein and were, at all times mentioned in this Complaint, persons and/or entities who managed, controlled, maintained, inspected, leased, and/or owned the Property at issue in this Complaint, and are responsible in some manner for the events and happenings referred to in this action on or about FEBRUARY 21, 2020; and proximately caused damage to Plaintiff as alleged herein.

7.      The legal responsibility of said Defendant DOES I through X and ROE CORPORATIONS I through X arises out of, but is not limited to, their status as owners and/or their maintenance and/or entrustment and/or possession of the premises which Defendants, and each of them, were operating at the time of the subject injury; and/or their agency, master/servant or joint venture relationship with remaining said Defendants. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants and, when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations pursuant to *Nurenberger Hercules-Werke GMBH v. Virostek,* 107 Nev. 873, 822 P.2d 1100 (1991).

8.      Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendants, and each of them, including DOE and ROE Defendants, were principals/agents, masters/servants, employers/employees, and/or joint venture partners and/or employees of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership, and/or joint venture and with the knowledge and consent of the remaining Defendants. As such, each partner, employer, master, and/or principal is vicariously liable for the said negligent actions of its employee, servant, and/or agent pursuant to NRS 41.130 and its imputation of liability as a matter of law.

9.      Upon further information and belief, Defendants, and each of them, operated, occupied, controlled, leased managed, performed work, maintained, promoted, advertised, provided briefings about, employed or otherwise engaged in actions benefiting the Property, and/or were responsible for the condition, maintenance and upkeep of the Property and its common-area floors/walkways located at 5101 South Pecos Road, Las Vegas, Nevada, 89120, more commonly known as SAM'S CLUB Store #8177, ("SAM'S CLUB") where the incident occurred.

10.     On or about FEBRUARY 21, 2020, Plaintiff MOREAU was lawfully present at

Defendant SAM'S CLUB Store #8177, as an invitee of SAM'S CLUB and was walking in the produce section when she slipped and fell on grapes on the floor of the store in the produce section ("Dangerous Condition"), thereby causing Plaintiff to sustain serious injuries.

11. Upon information and belief, DOE Defendants were employees of Defendant SAM'S CLUB, and/or Defendant ARILEX, and/or ROE CORPORATIONS, and were working in the course and scope of their employment for said Defendants, at the time of the aforementioned accident, and created, observed, knew, or were informed of the Dangerous Condition and failed to remedy the Dangerous Condition or otherwise warn of the same, prior to Plaintiff falling.

### III. FIRST CLAIM FOR RELIEF
*(Negligence – Premises Liability/Negligence Per Se/Respondeat Superior)*

12. Plaintiff repeats and realleges the above allegations as though fully set forth herein at length.

13. On or about FEBRUARY 21, 2020, upon information and belief, Defendants, and each of them, as well as certain DOE DEFENDANTS and/or ROE CORPORATIONS owed a duty of due care to its patrons, including Plaintiff, to maintain a reasonably safe premises.

14. Defendants, and each of them breached that duty when they either negligently created the Dangerous Condition, and/or negligently failed to provide adequate repair or maintenance and/or warnings of the Dangerous Condition.

15. Further, Defendants, and each of them, failed to monitor, supervise and maintain the premises/employees; and further failed to warn Plaintiff of said Dangerous Condition which resulted in her injuries, all in breach of Defendants' duty of due care.

16. Defendants, and each of them, upon information and belief, are and were the owners and/or managers of, and responsible for, the maintenance, safety, repair and improvement of the Property, and specifically the areas where patrons walk.

17. The presence of foreign substance on the floor is a foreign condition and is

inconsistent with a property owner/possesor's non-delegable standard of care to maintain the premises in a reasonably safe and suitable condition.

18. Defendants' said breach of their duty of care directly and proximately caused injury to Plaintiff.

19. Defendants, and each of them, knew, or should have known, that the failure to adequately maintain their premises and avoid the presence of the Dangerous Condition could lead to injury.

20. Upon information and belief, prior to the severe injuries suffered by Plaintiff, Defendants, and each of them, had knowledge of the Dangerous Condition, and failed to remedy said condition resulting in Plaintiff's personal injuries.

21. Defendants, and each of them, knew, or reasonably should have known, that a Dangerous Condition existed on or about the area of the Property where Plaintiff was walking, which was otherwise unfit for patrons of Defendants, including Plaintiff.

22. Defendants, and each of them, failed to caution, warn, place signs, or otherwise make safe, or remedy, the Dangerous Condition.

23. Accordingly, Defendants negligently, carelessly, and recklessly maintained and allowed the Dangerous Condition to exist.

24. At all times mentioned herein, there were in force statutes, codes, ordinances, and regulations prohibiting the conduct exhibited by Defendants, and each of them.

25. Plaintiff is a member of the class of persons for whose protection said statutes, codes, ordinances, and regulations were enacted or promulgated; and Plaintiff's injuries are the type of injuries that said statutes, codes, ordinances, and regulations were intended to prevent and protect against.

26. Upon information and belief, Defendants, and each of them, including DOE and ROE Defendants, were principals/agents, masters/servants, employers/employees, and/or joint

venture partners and/or employees of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership, and/or joint venture and with the knowledge and consent of the remaining Defendants. As such, each partner, employer, master, and/or principal is vicariously liable for the negligent actions of its DOE(s) employee, servant, and/or agent pursuant to NRS 41.130 and its imputation of liability as a matter of law, which states:

> [e]xcept as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

27. Pursuant to Respondeat Superior, Defendants, and each of them, are vicariously liable for the damages caused by their employee's actions and negligence.

28. Prior to the injuries complained of herein, Plaintiff was able-bodied, readily and physically capable of engaging in all other activities for which she was otherwise suited.

29. As a direct and proximate result of the aforementioned, Plaintiff sustained injuries to her neck, back, limbs, body organs, and systems, all or some of which may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.00.

30. As a direct and proximate result of the aforementioned, Plaintiff received medical and other treatment for her injuries, all to her special damage in a sum in excess of $15,000.00. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount.

31. Due to her injuries as set forth herein, Plaintiff has sustained pain, suffering, loss of enjoyment of life, past, present and future, in an amount in excess of $15,000.00.

32. Due to her injuries as set forth herein, Plaintiff has sustained past wage loss and will continue to suffer wage loss in the future, in an amount to be determined at the time of trial.

33. As a direct and proximate result of Defendants' negligence, Plaintiff has been

compelled to retain the services of an attorney to represent her in this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

## IV. SECOND CAUSE OF ACTION
### *(Negligent Hiring, Training, Retention, and Supervision)*

34. Plaintiff repeats and realleges the above allegations as though fully set forth herein at length.

35. At all times mentioned herein, Defendants, and each of them, including DOES and/or ROE CORPORATIONS, had a duty to hire competent persons, properly train them for tasks they would perform, and supervise them in performance of those tasks.

36. Defendants, and each of them, breached their duty to properly train, supervise, retain and/or supervise its employees in that said employees unreasonably created said Dangerous Condition; and further failed to warn of the same or remedy the condition, exposing others to an unsafe condition.

37. Prior to the injuries complained of herein, Plaintiff was able-bodied, readily and physically capable of engaging in all other activities for which he was otherwise suited.

38. As a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and/or controlling employee(s), including Defendants' DOE Employees, in failing to warn, remedy and/or otherwise avoid the Dangerous Condition, Plaintiff sustained injuries to her neck, back, limbs, body organs, and systems, all or some of which may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.00.

39. As a direct and proximate result of the aforementioned, Plaintiff received medical and other treatment for her injuries, all to her special damage in a sum in excess of $15,000.00. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount.

40. Due to her injuries as set forth herein, Plaintiff has sustained pain, suffering, loss of

enjoyment of life, past, present and future, in an amount in excess of $15,000.00.

41. Due to her injuries as set forth herein, Plaintiff has sustained past wage loss and will continue to suffer wage loss in the future, in an amount to be determined at the time of trial.

42. As a direct and proximate result of Defendants' negligence, Plaintiff has been compelled to retain the services of an attorney to represent her in this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully attainable, and prays for judgment on all claims for relief against the Defendants, and each of them, as follows:

1. General Damages for Plaintiff's pain, suffering, disfigurement, emotional distress, shock, loss of enjoyment of life, and agony in an amount in excess of $15,000.00.

2. Special Damages for Plaintiff's medical expenses and lost wages, past, present and future, in an amount excess of $15,000.00.

3. Compensatory and/or Exemplary Damages in an amount in excess of $15,000.00.

4. Costs of suit incurred including reasonable attorneys' fees.

5. For such other relief as the Court deems just and proper.

DATED: January 12, 2021.

THE702FIRM INJURY ATTORNEYS

/s/ Janet L. Merrill

MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JANET L. MERRILL, ESQ.
Nevada Bar No. 10736
400 S. 7th Street, Suite 400
Las Vegas, Nevada 89101
Telephone:  (702) 776-3333
Facsimile:   (702) 505-9787
E-Mail:       service@the702firm.com
                    janet@the702firm.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorneys of record, THE702FIRM INJURY ATTORNEYS, hereby Demands a jury trial of all of the issues in the above matter.

DATED: January 12, 2021.

THE702FIRM INJURY ATTORNEYS

*/s/ Janet L. Merrill*

MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JANET L. MERRILL, ESQ.
Nevada Bar No. 10736
400 S. 7th Street, Suite 400
Las Vegas, Nevada 89101
Telephone:   (702) 776-3333
Facsimile:    (702) 505-9787
E-Mail:        service@the702firm.com
                   janet@the702firm.com
*Attorneys for Plaintiff*